# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CARPENTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00818-PLC |
| | ) | |
| LOUIS DEJOY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on initial review of self-represented plaintiff Charles Carpenter's employment discrimination complaint under 28 U.S.C. § 1915(e). For the following reasons, the Court dismisses the complaint for failure to state a claim upon which relief may be granted.

## Legal Standard on Initial Review

A complaint filed in forma pauperis is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff has filed this employment discrimination complaint under the Americans with Disabilities Act (ADA) alleging he was discriminated against by his employer, the United States Postal Service, because of his disability. Plaintiff alleges no facts in his complaint, leaving blank the portion of the complaint that asks him "the essential facts of your claim," and "the conduct that you believe is discriminatory." ECF No. 1 at 5. As for the relief plaintiff requests, he states only "I would like to call witnesses to testify in [trial]." *Id.* at 7.

Noting the deficiencies in the complaint, the Court issued a show cause order asking plaintiff to show cause why this case should not be dismissed for failure to state a claim. Plaintiff responded by stating that he sustained injuries during a fall at work. He seeks relief for "damage suffered for the failure of management to follow proper protocol and procedures for my on-the-job injury." ECF No. 10 at 2. He attaches documents from his workers' compensation claim.

## Discussion

The ADA specifically excludes the United States from its definition of "employer." *See* 42 U.S.C. § 12111(5)(B) (providing that "[t]he term 'employer' does not include…the United States,

a corporation wholly owned by the government of the United States, or an Indian tribe"). Instead, the Rehabilitation Act (RA), which is similar to the ADA, is meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *See Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). As a former federal employee, plaintiff is not allowed to recover separately under the ADA. *See Carroll v. Potter*, 163 Fed. Appx. 450, 450 (8th Cir. 2006) (agreeing with district court that plaintiff "could not file suit under the ADA to redress alleged discrimination during his tenure as a federal employee"). Because plaintiff can only recover under the RA, the claim under the ADA must be dismissed.

Assuming plaintiff had filed his complaint under the RA, however, it would still be subject to dismissal. To prevail on a discrimination claim under the RA against the Postal Service, plaintiff must show he was disabled, was otherwise qualified, and was the victim of discrimination solely because of his disability. *See Peebles v. Potter*, 354 F.3d 761, 765 (8th Cir. 2004). Plaintiff has alleged no facts showing any of these elements. Rather, he appears to be alleging that he was discriminated against on the date of his fall because the Postal Service did not respond to the incident and did not following proper protocol. ECF No. 10 at 2. He was later fired for being absent without leave and not responding to pre-disciplinary interview notices. ECF No. 6 at 2.

Because the Court finds plaintiff has not stated a plausible claim of employment discrimination, it will dismiss plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's employment discrimination complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 23rd day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE